KATHRYN SCHARWATH, PLAINTIFF, v. CATHERINE BROOKS (NOW CATHERINE BROOKS SCHARWATH), DEFENDANT.

Argued October 2, 1929—Decided May 6, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Alexander Simpson.*

*Contra, Ralph E. Lum.*

PER CURIAM.

This is an action for alienation of affections of the plaintiff's former husband, whom the plaintiff has divorced. The husband has since married the defendant who is charged with alienating his affections.

Plaintiff has a verdict of $70,000 as the result of a second trial. The result of the first trial was a verdict of $90,000, which was set aside by this court as grossly excessive. 7 *N. J. Mis. R.* 397.

We are asked to set the present verdict aside for the reasons that it is (a) Excessive. (b) Shows passion, prejudice and bias. (c) Contrary to the charge of the court. (d) Because the trial court abused its discretion in compelling the defendant to proceed with the trial when the proof was that she was then seriously ill and could not attend and prosecute her defense.

We think the contention that the verdict is excessive and is indicative of passion, prejudice and bias is sound.

The proofs indicate most clearly that the verdict is excessive and they do not justify a finding in any such amount.

It is true that ordinarily a second verdict will not be disturbed but that is not an absolute rule. On the contrary, any number of verdicts will be set aside where they are clearly improper and are shown to be the result of prejudice, passion or mistake.

We think that under the conditions and circumstances established by the proofs a verdict of $20,000 would be ample and generously adequate and unless plaintiff shall file her consent to a reduction of the present verdict to that amount, within thirty days from service upon her of a proper order entered hereunder, this rule will be made absolute and a *venire de novo* issue as to the question of damages.